NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0606n.06

No. 10-6485

FILED
*Jun 13, 2012*
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| *Plaintiff-Appellee*, | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| v. | ) | KENTUCKY |
| | ) | |
| THOMAS W. MAXWELL, JR., | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:  DAUGHTREY and CLAY, Circuit Judges; and CLELAND, District Judge.[*]

**CLELAND, District Judge.**  Defendant-Appellant Thomas W. Maxwell, Jr., entered a guilty

plea to the federal offense of failing to register as a sex offender.  He was sentenced to thirty-seven

months' imprisonment, followed by a supervised release designed to last the rest of his life.  During

that supervision, some highly restrictive, discretionary conditions were imposed.  On appeal,

Maxwell challenges the length of his custodial sentence and supervised release, as well as some of

the special conditions of his supervised release.  We unanimously agree that the facts and legal

arguments have been adequately presented in the briefs, making oral argument unnecessary. *See*

Fed. R. App. P. 34(a)(2)(C); 6th Cir. R. 34(j)(2)(C).

Contrary to Maxwell's arguments for a shorter period of incarceration and supervision, the

terms imposed by the district court are reasonable under the circumstances of this case, so we

[*]The Honorable Robert H. Cleland, United States District Court for the Eastern District of
Michigan, sitting by designation.

**AFFIRM** those aspects of his sentence. However, we **VACATE** the disputed special conditions of Maxwell's supervised release, because we cannot find the adequate explanation or understandable basis for them required by this Court's precedent. We **REMAND** for reconsideration and resentencing on those limited grounds, at which time the district court may cure its failure to set forth its rationale for imposing those conditions, or eliminate them, or perhaps alter their scope and impact.

## I.

In 2008, Maxwell pleaded guilty in the Ohio Court of Common Pleas to attempted sexual battery. He had originally been charged with two counts each of sexual battery and sexual imposition, based on allegations that he had engaged in sexual activity with his nineteen-year-old, developmentally disabled step-daughter. As a result of this conviction, Maxwell was classified as a tier III sex offender under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911(4), which subjects him to a lifetime registration requirement, *id.* §§ 16913, 16915(a)(3). Maxwell was released from prison in March 2009, and on July 1, 2009, he completed a sex offender registration form in Hamilton County, Ohio. However, he neglected to register with local authorities after he moved to Kentucky in November 2009, prompting his arrest in January 2010.

On March 4, 2010, Maxwell was charged in the United States District Court for the Eastern District of Kentucky with one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He pleaded guilty pursuant to a plea agreement on August 26, 2010. At sentencing on December 1, 2010, the district court adopted the presentence investigation report's (PSR's) recommended calculations under the United States Sentencing Guidelines (U.S.S.G.), fixing

Maxwell's Guidelines range at thirty to thirty-seven months of imprisonment and five years to life of supervised release. Maxwell did not file any objections to the PSR, but his counsel argued at sentencing for a term of supervised release no longer than ten years. After hearing from Maxwell's counsel, the Government, and Maxwell himself, and considering the sentencing factors outlined in 18 U.S.C. § 3553(a), the district court imposed a sentence of thirty-seven months of imprisonment and a lifetime of supervised release. The district court also placed multiple special conditions on Maxwell's supervised release, labeled "sex offender conditions." These restrict, among other things, Maxwell's consumption of alcohol, contact with minors, exposure to pornography, use of devices that can capture pictures or video, ability to maintain a storage facility or post office box, and use of computers or other devices that can access the internet. Maxwell timely appealed.

## II.

Maxwell contends that he should have received a shorter custodial sentence and supervised release. This Court reviews a district court's sentence for reasonableness, *United States v. Webb*, 616 F.3d 605, 608–09 (6th Cir. 2010) (citing *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006)), which has both a procedural and substantive component, *id.* at 609 (quoting *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007)); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). Here, Maxwell does not argue that his term of imprisonment or supervised release is procedurally unreasonable, so we need only consider substantive reasonableness, *United States v. Tristan-Madrigal*, 601 F.3d 629, 632 (6th Cir. 2010) (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)), using a deferential abuse-of-discretion standard, *United States v. Richards*, 659 F.3d 527, 549 (6th Cir. 2011) (citing *United States v. Jones*, 641 F.3d 706, 711 (6th Cir. 2011)),

*petition for cert. filed*, No. 11-1309 (U.S. Apr. 27, 2012); *cf. United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011) ("Substantive-reasonableness claims do not need to be raised before the district court to be preserved for appeal." (citing *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008)))).[1]

"The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *Tristan-Madrigal*, 601 F.3d at 632–33. "A 'sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor.'" *Lanning*, 633 F.3d at 474 (quoting *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011)). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

Maxwell's sentence of thirty-seven months of imprisonment and a lifetime of supervised release is not substantively unreasonable. Maxwell maintains that he should have received a custodial sentence shorter than thirty-seven months—the upper limit of his Guidelines range—based upon "his acceptance of responsibility and readiness to plead guilty, his relatively young age of

---

[1]There is some basis for a procedural-reasonableness challenge to the district court's use of U.S.S.G. § 5D1.2(b)(2) in calculating Maxwell's Guidelines range for supervised release, on the theory that his failure to update his sex offender registration does not constitute a "sex offense" as defined in that provision. *See United States v. Herbert*, 428 F. App'x 37, 39 (2d Cir. 2011) (summary order). Nevertheless, as Maxwell neglected to make such an argument, we will not consider it. *See United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006) ("'[A]n appellant abandons all issues not raised and argued in its initial brief on appeal.'" (alteration in original) (quoting *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996))).

twenty five when he failed to register, and his own emotional and mental health issues." (Appellant Br. 16.) However, the district court took into account these mitigating circumstances at sentencing.[2] During a thorough canvas of the pertinent § 3553(a) factors, the district court determined that countervailing considerations like the seriousness of Maxwell's offense, the need for deterrence, and Maxwell's extensive criminal history justified a sentence at the high end of the Guidelines range. This well-explained decision was not an abuse of the court's discretion.

At sentencing, the district court also heard and rejected Maxwell's argument for a lesser term of supervised release. Although Maxwell's counsel presented his view that between five and ten years of supervision would suffice, the prosecutor advocated for a longer term of twenty years to life, given Maxwell's previous failure to abide by court orders and the need to protect the public. The district court agreed in essence with the prosecutor, reasoning that the § 3553(a) factors supported a lengthy period of supervised release in order to safeguard against Maxwell's future crimes and in light of Maxwell's failure to comply with the "fairly limited rule" requiring him to register as a sex offender. Nothing Maxwell presents on appeal casts serious doubt on the reasonableness of this determination. He asserts that, because the Government advocated for supervision over a period of twenty years to life, it tacitly acknowledged that a term of only twenty years would be adequate, and

---

[2]While noting that Maxwell has "struggled" with "some emotional and mental health issues," the district court ultimately left unclear whether it thought that these weighed in favor of a lighter sentence. Actually, a defendant's history of mental health problems and bizarre behavior may be viewed as aggravating, not mitigating, factors in cases such as these. *Cf. United States v. Garthus*, 652 F.3d 715, 717–18 (7th Cir. 2011) (discussing how diminished capacity, defined in U.S.S.G. § 5K2.13 as a possible basis for a downward departure, could also justify a longer sentence because affected defendants may be more likely to recidivate), *cert. denied*, --- S. Ct. ----, 2012 WL 1658530 (May 14, 2012).

indeed more appropriate, in his case. Even if we agreed with Maxwell's premise and would have preferred the lesser term, we have no power to overturn Maxwell's sentence on that ground alone. *See Gall*, 552 U.S. at 51. Under the deferential standard of review we are required to apply in evaluating the substantive reasonableness of a criminal sentence, *see Richards*, 659 F.3d at 549, Maxwell's term of incarceration and supervision must be upheld.

**III.**

Maxwell also challenges some of the special conditions of his supervised release, namely that he must not consume alcohol, have sustained contact with minors, possess or otherwise view pornography, possess or use a device capable of creating pictures or video, rent or use a post office box or storage facility, or possess or use any computer or other device that can access the internet. Normally, this Court reviews such questions for an abuse of discretion. *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007) (citing *United States v. Modena*, 302 F.3d 626, 636 (6th Cir. 2002)). But Maxwell did not object to these aspects of his supervised release in the district court, so we are limited to plain-error review. *United States v. Inman*, 666 F.3d 1001, 1003 (6th Cir. 2012) (per curiam). To prevail on his claim, Maxwell must show an error that was clear or obvious, that affected his substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Generally, we evaluate two aspects of the district court's decision to impose special conditions of supervised release. First, the district court must have "adequately stated in open court at the time of sentencing 'its rationale for mandating [the] special conditions.'" *Brogdon*, 503 F.3d

at 563 (quoting *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006)). If this procedural requirement is met, the special conditions will be upheld on appeal if they are "'reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public.'" *Id.* (quoting *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997)). Section 3583(d) of Title 18 requires that discretionary conditions of supervised release be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and involve no greater deprivation of liberty than is necessary "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D).

Our decision in this case is guided by this Court's opinion in *Inman*, an appeal concerning similar discretionary conditions imposed by the same district court. Inman had been convicted of possessing child pornography. 666 F.3d at 1003. As part of his sentence, the district court instituted a lifetime of supervised release with standard and special conditions, which Inman challenged on appeal. *Id.* Applying plain-error review, the Court vacated the district court's judgment, in part because "some of the supervised release conditions the district court imposed require further analysis and explanation." *Id.* at 1004–05. Specifically, the Court focused on the drug- and alcohol-related restrictions, noting that "[n]othing in the record suggests that Inman has any problem with alcohol or drug dependence; yet, he is now barred from consuming alcohol for life, required to submit to periodic drug testing, and required to keep the probation office informed of any prescription

medications in his possession." *Id.* at 1005. The Court also questioned the special condition that "effectively prohibits Inman for his lifetime from possessing a cell phone with photo or video capability, a video camera, or any other device capable of creating pictures or videos," *id.*, and the prohibition on renting or using a post office box or storage facility, given that Inman's "underlying conviction involved receiving child pornography through the Internet" and a less restrictive option might be available. *Id.* at 1005–06. Finally, the Court found that the condition "requiring [Inman] to provide the probation office with any requested personal financial information" could not be approved "without first reviewing the district court's explanation as to why such a condition was necessary," as Inman's crime "was not financial in nature." *Id.* at 1006.[3]

Maxwell's sentencing suffers from nearly identical shortcomings. The district court alerted the parties at the sentencing hearing that it intended to impose "a substantial period of supervised release with some fairly strict conditions on it in order to protect the public from future crimes that might be committed." However, there was no further discussion nor any actual analysis supporting

---

[3]The *Inman* Court also vacated Inman's life term of supervised release on similar grounds, finding "[t]he record does not demonstrate that the district court considered any of the pertinent § 3553(a) factors when it imposed the term of supervised release." 666 F.3d at 1004. As discussed above, the district court in this case did disclose its rationale for sentencing Maxwell to a lifetime of supervision, thereby allowing us to "review the reasonableness of the sentence imposed." *Id.* (citing *United States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007)). So, while *Inman* bears upon Maxwell's appeal of the special conditions of his supervised release, it does not control his challenge to his term of supervised release.

the special conditions later imposed—some of which are quite restrictive, especially considering that

Maxwell will be under supervision for the rest of his life.[4]

The district court's general introductory statement identifying its desire to protect the public

is insufficient, considering the nature of Maxwell's offense and the other evidence before the district

court alongside the type of special conditions at issue. Maxwell is banned from ever possessing or

using a device that can access the internet without the prior written approval of his probation officer,

even though neither his federal offense of failure to register as a sex offender nor his Ohio conviction

for sexual battery involved the use of a computer or the internet. Some exposition must be provided

to allow this Court to review the reasonableness of this condition, given that past decisions from our

sister circuits have vacated just such conditions under similar circumstances. *See, e.g.*, *United States*

*v. Burroughs*, 613 F.3d 233, 243 (D.C. Cir. 2010) ("[R]estrictions on computer or Internet access

are not *categorically* appropriate in [sex offender] cases where the defendant did not use them to

facilitate his crime."). The same can be said of the restriction related to pornography, since nothing

in the record concerning Maxwell's criminal or personal history suggests that pornography has been

a harmful influence on him. *See, e.g.*, *United States v. Curry*, 627 F.3d 312, 315 (8th Cir. 2010),

*vacated on other grounds*, 132 S. Ct. 1533 (2012). *Inman* itself overturned the blanket prohibition

we consider here on possessing devices that can take pictures or videos, as well as the ban on

---

[4]The lack of an appropriate rationale for the imposition of Maxwell's special conditions may well have resulted from the fact that, at the time of sentencing, neither the prosecutor nor the defense attorney questioned the propriety of the conditions. Moreover, the district court did not have the benefit of this Court's analysis in *Inman*, which was decided more than one year after Maxwell was sentenced.

maintaining a post office box or storage facility, when nothing before the district court was said to have to linked such activities to the defendant's offenses. 666 F.3d at 1005–06.

The lack of explanation regarding these four conditions must be considered reversible error. As we stated in *Inman*, "our precedent clearly requires a district court to 'state in open court at the time of sentencing its rationale for mandating special conditions of supervised release,'" and a district court commits clear error in neglecting to do so. *Id.* at 1006 (alteration omitted) (quoting *Brogdon*, 503 F.3d at 563). That error affects Maxwell's substantial rights because "there is a reasonable likelihood [that it] impacted [his] sentence." *Id.* (citing *United States v. Abbouchi*, 502 F.3d 850, 858 (9th Cir. 2007)); *see also United States v. Perazza-Mercado*, 553 F.3d 65, 78 (1st Cir. 2009) ("[T]here is a reasonable probability that the court might not have imposed the prohibition if it had fulfilled its obligation to explain the basis for the condition or at least made sure that the record illuminated the basis for the condition."). Moreover, a "sentencing error that leads to a 'more severe sentence would diminish the integrity and public reputation of the judicial system and also would diminish the fairness of the criminal sentencing system.'" *Inman*, 666 F.3d at 1006 (alterations omitted) (quoting *United States v. Oliver*, 397 F.3d 369, 380 (6th Cir. 2005)).

The other two special conditions Maxwell disputes—the prohibition on alcohol consumption and the restriction on his contact with minors—seem to be better tethered to the record evidence than the conditions already discussed. The PSR indicates that Maxwell has a history of substance abuse, so the district court may have determined that abstention from alcohol was reasonably related to his rehabilitation. *See Brogdon*, 503 F.3d at 563 (noting that conditions of supervised release should be "reasonably related to . . . the rehabilitation of the defendant"). Additionally, Maxwell's state-

-10-

court conviction was for the attempted sexual battery of a nineteen-year-old who, although she had reached the age of majority, was developmentally disabled and presumably more vulnerable. The district court, therefore, may well have considered that minimizing Maxwell's contact with vulnerable minors would more appropriately protect the public. *See id.* (noting that conditions of supervised release should be "reasonably related to . . . the protection of the public").

These possible arguments are not enough, however, to cure the problem identified in *Inman*—the absence of any statement that sets forth the district court's actual rationale. Although we might be able to formulate a post-hoc justification for various conditions, it remains true that if the district court had "fulfilled its obligation to explain the basis for th[ose] condition[s]," it might not have imposed them in the first place. *See Perazza-Mercado*, 553 F.3d at 78. Moreover, even if the district court had expressed reasoning similar to this in justifying these conditions, we would still be required to determine whether the conditions were reasonably related to the statutory goals of supervised release. *See Brogdon*, 503 F.3d at 563. The proposition is not a foregone conclusion. There is some question whether such conditions, imposed for a defendant's lifetime, may involve a deprivation of liberty greater than necessary to achieve their purposes. *See* 18 U.S.C. § 3583(d)(2); *cf. Inman*, 666 F.3d at 1005 ("[T]he pertinent statute on discretionary conditions does not permit a total ban on alcohol, but allows a court to order the defendant to 'refrain from *excessive use* of alcohol.'" (quoting 18 U.S.C. § 3563(b)(7))).

Of course, while 18 U.S.C. § 3563(b) lists some discretionary conditions that a district court may impose in an individual case, these are illustrative, not exhaustive. A district court has the discretion, within the overarching statutory purposes set forth in § 3553(a), to craft other special

conditions of supervised release to fit the particular needs of individual defendants. *See* 18 U.S.C. § 3563(b)(22) ("The court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant . . . satisfy such other conditions as the court may impose . . . ."); *id.* § 3583(d) (allowing court to "order, as a further condition of supervised release . . . any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate"). We also acknowledge that a district court may determine that special conditions should be added, deleted, or modified as circumstances change, *see* 18 U.S.C. § 3583(e)(2) ("The court may . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . ."), and this ability to alter the requirements of supervised release may, in some cases, mitigate the apparent harshness of a given condition when viewed at the commencement of a lifetime term. Notwithstanding, these do not excuse a district court from its duty to describe why the applicable § 3553(a) factors justify the imposition of special conditions in an individual case, at least when their applicability to the defendant is not manifestly clear from the record.

Here, the four prongs of the plain-error analysis are met with respect to all the challenged special conditions of supervised release. Accordingly, the imposition of these conditions must be vacated and the case remanded to the district court for a limited resentencing. We do not say that any one of these conditions is *necessarily* improper in Maxwell's case. On remand, the district court

simply must clarify, on the record, why it deems its intended special conditions appropriate. To the extent that the district court is able to justify such conditions as reasonably related to valid sentencing goals, they can be permissibly imposed, subject to appeal and review. *See* 18 U.S.C. § 3583(d); *Brogdon*, 503 F.3d at 563.

**IV.**

For the reasons stated above, we **AFFIRM** the district court's sentence except with respect to the imposition of the following special conditions of supervised release: alcohol abstinence; the limitations on contact with minors; the ban on pornography and the possession of a device capable of creating pictures or video; the prohibition on using or renting a post office box and storage facility; and the computer and internet restrictions. With respect to only these special conditions, we **VACATE** the district court's judgment. We **REMAND** the case to the district court for consideration of whether these special conditions are applicable to this individual Defendant.