**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50451 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01244-PSG-1 |
| v. | |
| EDUARDO ROBLES MOTA, AKA Lalo Mota, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Eduardo Robles Mota pleaded guilty to one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to the statutory maximum of 10 years imprisonment, followed by a life term of supervised release. Mota appeals his sentence, arguing that it is both procedurally erroneous and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate the sentence and remand for resentencing.

Preliminarily, we address Mota's motion to strike the December 2007 Pretrial Services Letter informing the district court of his violation of the conditions of pretrial release. We deny the motion. Letters from Pretrial Services may constitute part of the record on appeal, when, as here, the letter was relevant to sentencing and the government relied on the letter in its sentencing memorandum. *See* Circuit Rule 30-1.10 ("In all cases in which the presentence report is referenced in the brief, the party filing such brief must forward 4 paper copies of the presentence report and may forward 4 copies of *any other relevant confidential sentencing documents* under seal to the Clerk of the Court of Appeals." (emphasis added)). Mota's motion to strike the letter is therefore denied. The government's related motion to enlarge the record is denied as unnecessary.

We turn now to Mota's challenges to his sentence. Our review is limited to determining whether Mota's sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Apodaca*, No. 09-50372, — F.3d —, 2011 WL 1365794, at *1 (9th Cir. April 12, 2011); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir 2008). We "must first ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen

sentence. . . ." *Gall*, 552 U.S. at 51. Where, as here, a defendant failed to object on the ground that the district court committed procedural error in failing to explain the choice of sentence, we review for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

A district court is required to state the reasons for the sentence imposed only in enough detail to satisfy an appellate court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The extent of the explanation necessarily depends on the circumstances of each case. *Id*. at 357. Thus, "[c]ircumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Id*. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Id*. These principles apply equally to the term of imprisonment and the supervised release components of a sentence. *See Apodaca*, 2011 WL 1365794, at *2–3; *Carty*, 520 F.3d at 992–93.

Here, the presentence investigation report calculated the Guidelines range pursuant to the oft-criticized child pornography Guideline, U.S.S.G. § 2G2.2. *See United States v. Henderson*, No. 09–50544, — F.3d — , 2011 WL 1613411(9th Cir. Apr. 29, 2011) (setting forth the history of § 2G2.2). Despite Mota's category I criminal history and his acceptance of responsibility, the high offense base level and the numerous enhancements provided for in § 2G2.2 resulted in a Guidelines range of 121 to 151 months, reduced to 120 months in light of the statutory maximum of 10 years. *See* 18 U.S.C. § 2252A(b)(2). The presentence investigation report recommended the statutory maximum.

Mota requested a mid-statutory range sentence of 46 months and that he be ordered to submit to mental health treatment. He repeatedly emphasized the advisory nature of the Guidelines and argued that the Guidelines range in his case was unreasonable in light of *Gall*, *Rita*, and *Kimbrough v. United States*, 128 S. Ct. 558 (2007). Mota further argued that the 18 U.S.C. § 3553(a) factors justify a mid-statutory range in light of his acceptance of responsibility; his lack of criminal history; his education, steady employment history and exemplary record of volunteering activities; the support of his family and his community; the sexual abuse he had suffered as a child and the pain he has been suffering from being

4

unable to disclose his sexual orientation to his family; and his mental illness and need for treatment.

On its part, the government requested the statutory maximum. The prosecutor emphasized the serious nature of the offense and, relying in part on the December 2007 Pretrial Services letter, argued that Mota poses a threat to the community.

The district judge sentenced Mota to the statutory maximum of 10 years, followed by a life term of supervised release. Despite Mota's far from frivolous arguments for leniency and the severity of the term of incarceration and supervised release ultimately imposed, the district judge's explanation of his choice of the statutory maximum was limited to the rote recitation of the § 3553(a) factors and statements that the statutory maximum is a "reasonable," "sufficient," and "no greater than necessary" punishment.

In the circumstances of the case, the district judge's inadequate explanation renders the sentence procedurally erroneous. *See Rita*, 551 U.S. at 357. The error is plain. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (error is plain if it is contrary to the law at the time of appeal). The error also affects Mota's substantial rights. *See United States v. Olano*, 507 U.S. 72, 734 (1993). Given the strength of the factors supporting a mid-statutory range sentence

for Mota, it is likely that had the district judge specifically considered those factors, the sentence would have been lower than the statutory maximum term of incarceration followed by lifetime supervised release. *See Gall*, 552 U.S. at 52 (noting sentencing judge's obligation "to consider every convicted person as an individual" (quotation omitted)); *id.* at 55 (noting "the need to avoid unwarranted similarities among [defendants] who [are] not similarly situated" (emphasis removed)). Finally, the case warrants the exercise of our discretion to correct the procedural error, as the lack of a reasoned explanation of a judge's choice to sentence a defendant to the statutory maximum may affect the fairness, integrity, and the public reputation of criminal proceedings. *See Ameline*, 409 F.3d at 1078.

The sentence is VACATED and the case REMANDED to the district court for resentencing.

*United States v. Mota*, No. 08-50451

CALLAHAN, Circuit Judge, dissenting:

I dissent. Although the district court could have offered a further explanation for the sentence he imposed, Mota offered no objection to the explanation in the district court, and, in the context of this case, the court's statements were sufficient to allow us to ascertain its reasons. *See United States v. Rita*, 551 U.S. 338, 356 (2007). There is no suggestion that the district court did not consider the arguments advanced by Mota. Moreover, a number of factors peculiar to Mota support the sentence including his violation of the conditions of his pretrial release by possessing child pornography, his admitted trading of child pornography over the internet, and his placing of himself in contact with minors through work and voluntary activities.