RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0021p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

                                                                    No. 10-5702

        *v.*

BRANDON M. INMAN,
                              *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 08-00127-001—Gregory F. Van Tatenhove, District Judge.

Decided and Filed:  January 26, 2012

Before:  DAUGHTREY, CLAY, and STRANCH, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Christopher C. Bazeley, Cincinnati, Ohio, for Appellant.  Charles P. Wisdom Jr., John Patrick Grant, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

_____

**OPINION**

_____

        PER CURIAM.  Brandon Inman, a federal prisoner who pleaded guilty to possession of child pornography, appeals from the district court's judgment imposing lifetime supervised release and certain conditions of supervised release.  The parties waived oral argument, and we unanimously agree that oral argument is not necessary.  Fed. R. App. P. 34(a).  Because the district court did not articulate a rationale for the length of supervised release and some of the conditions it imposed, we vacate the judgment and remand for re-sentencing.

1

Inman pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Inman admitted possession of a computer thumb drive that he knew contained many images of minors engaged in sexually explicit conduct.

At the sentencing hearing, the district court considered all of the sentencing factors enumerated in 18 U.S.C. § 3553(a) before imposing a term of incarceration of fifty-seven months. Although both parties requested a ten-year term of supervised release, the court imposed a lifetime term of supervised release with standard and special conditions.

Inman did not object below to the length or conditions of his supervised release, so we limit our review to plain error. *See United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001). Inman must show (1) an error, (2) that was obvious or clear, (3) that affected his substantial rights, and (4) that affected the fairness, integrity, or public reputation of his judicial proceedings. *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010). Ordinarily, where a challenge to supervised release is preserved, we consider whether the district court abused its discretion in imposing special conditions. *See United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007). Under abuse of discretion review, we first "determine whether the district court adequately stated in open court at the time of sentencing 'its rationale for mandating special conditions of supervised release.'" *Id.* (quoting *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006)). Next, we "determine whether the 'condition of supervised release is reasonably related to the dual goals of probation, the rehabilitation of the defendant and the protection of the public.'" *Id.* (quoting *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997)). The condition must reasonably relate to the nature of the offense and the history and characteristics of the defendant and "involve[] no greater deprivation of liberty than is reasonably necessary" to serve the goals of deterrence, protecting the public, and rehabilitating the defendant. 18 U.S.C. § 3583(d)(1)-(2); *Brogdon*, 503 F.3d at 564. The condition must also be consistent with any pertinent policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3583(d)(3). This analysis remains helpful to us in determining whether plain error occurred in this case.

The applicable statute and guideline authorized a term of supervised release ranging from five years to life. *See* 18 U.S.C. § 3583(k); USSG § 5D1.2(b). The guideline also contains a policy statement in § 5D1.2(b) that provides: "If the instant offense of conviction is a sex offense . . . the statutory maximum term of supervised release is recommended." Because "Congress insists that lifetime supervision be available to courts in sentencing sexual offenders[,]" we upheld a term of lifetime supervised release where the offender admitted he distributed child pornography, the court found the offender posed a danger to the public, and the government requested the lifetime term. *United States v. Kennedy*, 499 F.3d 547, 549, 553 (6th Cir. 2007). Under 18 U.S.C. § 3583(c), however, a district court must consider § 3553(a) factors—specifically, § 3553(a)(1), (a)(2)(B), (C), & (D), and (a)(4) through (7)—in determining the length of supervised release imposed.

The record does not demonstrate that the district court considered any of the pertinent § 3553(a) factors when it imposed the term of supervised release, and the court did not explain why it chose a life term of supervised release over the parties' recommendation for a ten-year term. Without proper analysis and an explanation for the length of the supervised release term chosen, we cannot review the reasonableness of the sentence as imposed. *See Kennedy*, 499 F.3d at 553 (reviewing term of supervised release for reasonableness). Therefore, we must remand so that the district court can provide a more thorough analysis of the pertinent sentencing factors and an explanation for the lifetime term of supervised release. We note that, should the district court on remand decide to impose the ten-year term of supervised release recommended by the Government, the governing statute allows the court to extend the term of supervised release and to modify the conditions at any time prior to the term's expiration if circumstances warrant such an extension or modification. 18 U.S.C. § 3583(e)(2).

We also conclude that some of the supervised release conditions the district court imposed require further analysis and explanation. First, we consider the requirements for drug and alcohol testing. The court imposed a mandatory condition requiring Inman to submit to drug testing within fifteen days of release from imprisonment and also to

submit to at least two periodic drug tests thereafter, as determined by the court. The district court also imposed special conditions prohibiting Inman from consuming any alcoholic beverages and requiring him to inform the probation office in writing of every prescription medication in his possession, custody, or control upon his release from prison and to notify his probation officer of any prescription medication received during the period of supervised release, whether those medications contain controlled substances or not.

Nothing in the record suggests that Inman has any problem with alcohol or drug dependence; yet, he is now barred from consuming alcohol for life, required to submit to periodic drug testing, and required to keep the probation office informed of any prescription medications in his possession. Supervised release conditions must be tailored to the specific case before the court. Where appropriate, the mandatory condition of drug testing "may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant." 18 U.S.C. § 3563(a)(5). Moreover, the pertinent statute on discretionary conditions does not permit a total ban on alcohol, but allows a court to order the defendant to "refrain from *excessive use* of alcohol." 18 U.S.C. § 3563(b)(7) (emphasis added). Because Inman appears to present a low risk of future substance abuse, the district court should explain why these conditions of supervised release are warranted.

Next, we consider the special conditions imposed concerning the use of computers, other electronic devices, and the rental or use of a post office box or storage unit. The district court allowed Inman to have restricted access to computers, but precluded him from using any device capable of creating pictures or video. This special condition effectively prohibits Inman for his lifetime from possessing a cell phone with photo or video capability, a video camera, or any other device capable of creating pictures or videos, even if such devices might be used appropriately in connection with employment or family activities. The court also prohibited Inman from renting or using a post office box or storage facility. Because the record is silent, we question the reasons

for these restrictions, particularly where the underlying conviction involved receiving child pornography through the Internet.

We believe there may be another option available to the district court to address any concern that Inman might use electronic equipment, a post office box, or a storage unit for improper or unlawful purposes. Where a defendant is required to register under the Sex Offender Registration and Notification Act, the district court may impose a special condition that the defendant submit to a search at any time of his "person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media and effects" conducted by a law enforcement officer or a probation officer, with or without a warrant, if the officer has "reasonable suspicion concerning a violation of a condition of [supervised release] or unlawful conduct by the defendant" or "by any probation officer in the lawful discharge of the officer's supervision functions." 18 U.S.C. §§ 3583(d) & 3563(b)(23). On remand the district court may wish to consider whether the search provision is sufficient to alleviate any concerns about Inman's use of electronic equipment, a postal box, or a storage unit. We recognize that the district court may find, after conducting an analysis of the pertinent factors under § 3553(a) and § 3583(d), that the special conditions as originally imposed are warranted. In either event, the district court should provide a sufficient explanation for the special conditions imposed.

Finally, Inman also challenges the special condition requiring him to provide the probation office with any requested personal financial information. Inman's crime was not financial in nature. We realize that Inman's finances may give a probation officer insight into whether Inman is involved in illegal conduct, but we cannot approve a requirement that Inman disclose any and all financial information to the probation officer without first reviewing the district court's explanation as to why such a condition is necessary in light of the pertinent sentencing factors.

Having concluded that the district court erred in certain respects, we must determine whether those errors are clear or obvious. *Gunter*, 620 F.3d at 645. A sentence that is not adequately explained is procedurally erroneous. *See Rita v. United*

*States*, 551 U.S. 338, 357 (2007).  In an analogous case, the Ninth Circuit determined that the district court clearly erred in imposing a supervised release term of life without giving an adequate explanation.  *United States v. Mota*, 434 F. App'x 636, 639 (9th Cir. 2011).  Furthermore, our precedent clearly requires a district court to "state[] in open court at the time of sentencing its rationale for mandating special conditions of supervised release."  *Brogdon*, 503 F.3d at 563 (internal quotation marks and citation omitted).  Accordingly, we conclude that the district court's errors are clear.

The error must also affect Inman's substantial rights.  *See Gunter*, 620 F.3d at 645.  An error affects substantial rights when it "affect[s] the outcome of the district court proceedings."  *United States v. Olano*, 507 U.S. 725, 734 (1993).  Sentencing errors meet this criterium where there is a reasonable likelihood the errors impacted the sentence.  *See United States v. Abbouchi*, 502 F.3d 850, 858 (9th Cir. 2007) (explaining that failure to consider adequately the rationale for a supervised release condition affects defendant's "substantial rights"); *cf. United States v. Swanberg*, 370 F.3d 622, 629–30 (6th Cir. 2004) (holding that defendant's substantial rights were affected where error led to a more severe sentence).  The district court's imposition of a lifetime term of supervised release—despite the parties' recommendation for ten years—and the imposition of the challenged supervised release conditions without providing an adequate rationale affected Inman's substantial rights.  *See United States v. Perazza-Mercado*, 553 F.3d 65, 79 (D.C. Cir. 2010) ("[T]here is a reasonable probability that the court might not have imposed the prohibition if it had fulfilled its obligation to explain the basis for the condition or at least made sure that the record illuminated the basis for the condition.").

Finally, the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *Gunter*, 620 F.3d at 645.  A sentencing error that leads to a "more severe sentence . . . would diminish the integrity and public reputation of the judicial system [and] also would diminish the fairness of the criminal sentencing system."  *United States v. Oliver*, 397 F.3d 369, 380 (6th Cir. 2005) (internal quotation marks and citation omitted); *United States v. Barsumyan*, 517 F.3d 1154, 1162 (9th Cir.

2008) (vacating supervised release condition on plain error review). Because both the length of supervised release and the conditions imposed are likely more severe than if the district court had followed the correct procedures, the district court's errors seriously affect the fairness, integrity, or public reputation of the proceedings.

For the reasons stated, we **VACATE** the district court's judgment imposing supervised release with conditions and we **REMAND** for further proceedings consistent with this opinion. On remand, we direct the district court to consider the lifetime term of supervised release and the following conditions of supervised release: the requirements for mandatory drug testing, to notify the probation office and provide documentation of any prescription medication, and to provide the probation office with access to any personal financial information, as well as the prohibitions against consuming any alcoholic beverages, possession or use of a device capable of creating pictures or video, and renting or using a post office box or a storage facility.