**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1026n.06

No. 11-4287

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 21, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JAMES J. SCAMPITILLA, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GILMAN, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM.  James J. Scampitilla appeals the district court's judgment of conviction and sentence.

Scampitilla was indicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). During a status conference, the district court was informed that a surveillance video of the robbery appeared to show Scampitilla committing the offense and that Scampitilla had made a statement admitting his guilt.  When the district court asked Scampitilla's counsel about his defense, counsel stated that he was certain that a plea agreement would be reached with the prosecutor.  The district court continued the status conference pending the anticipated plea agreement, stating that "it sounds to me like this can get resolved by a guilty plea."  Scampitilla subsequently pleaded guilty pursuant to a plea agreement, and the district court sentenced him to 151 months in prison.

No. 11-4287
*United States v. Scampitilla*

On appeal, Scampitilla argues that, during the status conference, the district court improperly participated in his plea negotiations by implying that the weight of the evidence should cause him to plead guilty. Under the Federal Rules of Criminal Procedure, a district court is prohibited from participating in plea negotiations. Fed. R. Crim. P. 11(c)(1). Because Scampitilla did not present this issue in the district court, we review it for plain error only. *See United States v. Markin*, 263 F.3d 491, 496 (6th Cir. 2001). To establish plain error, Scampitilla must show that an obvious or clear error affected both his substantial rights and the fairness, integrity, or public reputation of his judicial proceedings. *See United States v. Inman*, 666 F.3d 1001, 1003-04 (6th Cir. 2012).

The district court did not commit error, plain or otherwise, during the status conference because its comments were focused on matters of scheduling rather than the substance of plea negotiations. The court did not imply that Scampitilla should plead guilty, it did not suggest or comment on the terms of a possible plea agreement, and it did not discuss potential sentences that may be imposed.

Accordingly, we affirm the district court's judgment.