NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1306n.06

No. 11-6217

**FILED**
*Dec 20, 2012*
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSHUA THOMPSON,

      Defendant-Appellant.

                              /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

BEFORE:    KEITH, CLAY, and ROGERS, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Joshua Thompson pleaded guilty pursuant to a plea agreement to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced Defendant to fifteen years in prison and a lifetime term of supervised release with certain special conditions. Defendant appeals the applicability of certain enhancements under the United States Sentencing Guidelines as well as the reasonableness of the length and conditions of his prison and supervised release sentences. For the reasons set forth below, we **VACATE** Defendant's supervised release sentence and **REMAND** for the district court to consider the lifetime term of supervised release and the conditions of that supervised release. The remainder of Defendant's sentence shall remain in place.

**BACKGROUND**

In October 2010, a Hamilton County, Indiana police detective downloaded thirty-five images on the file-sharing program GigaTribe from a user. Investigators obtained a warrant for the IP address associated with that user and tracked it to a residence at 215 Grandview Drive in Frankfort, Kentucky, where Defendant Joshua Thompson and his wife lived. After obtaining a search warrant, police searched Defendant's home and found two laptop computers and various digital media storage devices containing over 1,800 videos and nearly 22,000 images of child pornography.

In May 2011, the government notified Defendant of its intent to prosecute him federally for distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Defendant waived his right to indictment and the charges proceeded on an information. Thereafter, Defendant pleaded guilty pursuant to a plea agreement to one count of child-pornography distribution. In his plea agreement, Defendant agreed to jointly recommend, along with the government, a sentence that included, in relevant part, a five-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(3)(B) because the offense involved distribution for the receipt, or the expectation of receipt, of a thing of value; and a two-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service for the possession and distribution of the material. The district court found Defendant's total offense level to be 37. This offense level, coupled with Defendant's criminal history category of I, resulted in a Guidelines range of 210 to 262 months in prison. *See* U.S.S.G. ch. 5, pt. A. This range was adjusted because the statutory maximum for violation of 18 U.S.C. § 2252(a)(2) is twenty years. 18 U.S.C. § 2252(b)(1). Therefore, the Guidelines range for Defendant was 210–240 months.

The district court sentenced Defendant to fifteen years in prison and a lifetime term of supervised release with certain special conditions, including ones related to (1) possession/use of a picture- or video-creating device; (2) rental/use of a post office box or storage facility; and (3) consumption of alcohol. Defendant timely appealed, invoking this Court's jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

**Standard of Review**

This Court reviews "sentences for reasonableness under an abuse of discretion standard." *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009). As reasonableness involves both procedural and substantive components, such review proceeds in two steps. *Id*. First, we evaluate the procedural reasonableness to "ensure that the district court did not commit significant procedural error such as 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Next, we assess the substantive reasonableness of the sentence. As "[t]he essence of a substantive-reasonableness claim is whether the length of the sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)," a sentence will be found substantively unreasonable if "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Corp*, 668 F.3d 379, 386 (6th Cir. 2012) (internal quotation marks omitted).

In performing this two-step review, "[t]he district court's interpretation of the advisory Guidelines is reviewed *de novo*, and its findings of fact are reviewed for clear error." *Brown*, 579 F.3d at 677. "Whether the facts found warrant the application of a particular guideline provision is a legal question reviewed de novo." *Corp*, 668 F.3d at 386 (internal quotation marks omitted). However, "[i]f a defendant fails to raise an objection before the district court, . . . review is only for plain error." *Id.*; *see also* Fed. R. Crim. P. 52(b). This standard requires that the defendant show (1) error, (2) that is clear or obvious, (3) and that affects his substantial rights; (4) if the elements are satisfied, this Court may exercise its discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## I.      Applicability of Recommended Enhancements

Defendant first contends that the district court erred in applying the five-level distribution-for-value enhancement under U.S.S.G. § 2G2.2(b)(3)(B) and the two-level computer-use enhancement under U.S.S.G. § 2G2.2(b)(6) to his sentence. However, not only did Defendant fail to raise an objection to the applicability of these enhancements below, he, in fact, specifically recommended (along with the government) that the district court apply these two enhancements. We review for plain error. *Corp*, 668 F.3d at 386.

Even assuming *arguendo* that the district erred in applying either or both of these enhancements, Defendant is not entitled to relief because any error was invited by him. The general contours of the invited error doctrine are well known: "Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may not at a later stage of

the case use the error to set aside the immediate consequences of the error." *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 490–91 (6th Cir. 2008) (en banc) (internal quotation marks omitted). More specifically, we have previously applied the invited error doctrine in the context of sentencing. In *United States v. Hanna*, 661 F.3d 271 (6th Cir. 2011), the defendant argued on appeal that the district court improperly calculated his base offense level under U.S.S.G. § 2S1.1(a)(2) when, as we determined, it should have sentenced him under U.S.S.G. § 2S1.1(a)(1). *Id.* at 291–93. There, in denying the defendant relief, we noted that "the district court's decision below to sentence Hanna under § 2S1.1(a)(2) was directly in response to Hanna's urging that it take that very course. . . . [T]he doctrine of 'invited error' therefore precludes reliance on this error as grounds for reversal." *Id.* at 293. Such is the case here. As Defendant recommended that the district court impose the enhancements that he now asks us to set aside, invited error compels our conclusion that the district court did not plainly err in applying the distribution-for-value and computer-use enhancements to Defendant.

## II.   Prison Term

Defendant next contends that his 180-month prison sentence was procedurally and substantively unreasonable. As Defendant both preserved his right to appeal his sentence and objected to the length of his prison term below, we will review the district court's sentence with respect to Defendant's term of imprisonment for abuse of discretion. *Brown*, 579 F.3d at 677.

Defendant argues that his prison sentence was procedurally unreasonable because in explaining its reasoning for the sentence imposed, the district court referenced the high end (240 months) of the Guideline range but did not mention the low end (210 months). To be sure, when the

district court pronounced Defendant's sentence, it only made mention of the statutory maximum, but earlier in the proceeding, the district court noted and adopted the pre-sentence report's Guidelines range of 210–240 months. In imposing sentence, the district court specifically discussed the 18 U.S.C. § 3553(a) factors, noting the seriousness of the offense and the need for deterrence and consistency in sentencing. Moreover, the district court indicated that it would normally have imposed the statutory maximum (240 months) but agreed to the government's recommendation of 180 months—a below-Guidelines sentence. On this record, we find no procedural error in the district court's prison sentence of Defendant.

Next, Defendant contends that his prison sentence was substantively unreasonable because the district court based his sentence on an "impermissible factor"—Defendant's age. Specifically, the district court stated, Defendant "is a young man now, he will be a young man when he's 40 years old. Forty is not old and a 15-year sentence would not be too severe for this particular offense and would afford him the opportunity for treatment." Although the Guidelines allow for the consideration of "[a]ge (including youth)," they limit such consideration to the "unusual" case. *See* U.S.S.G. § 5H1.1. Nonetheless, in reviewing a sentence for substantive reasonableness, we must consider the "totality of the circumstances." *Gall*, 552 U.S. at 51. Where, as here, "the district court followed the mandate of section 3553(a) in all relevant respects," "[t]he fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal." *See United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006); *see also Brown*, 579 F.3d at 687 (It is a defendant's burden to show more than that "a different sentence was *justified*," but rather that "a

different sentence was *required.*"). Therefore, Defendant's prison sentence was not substantively unreasonable.

## III. Supervised Release

Finally, Defendant contends (and the government agrees) that it was plain error for the district court to impose a life term of supervised release as well as special conditions without explaining its reasons for doing so. In *United States v. Inman*, 666 F.3d 1001 (6th Cir. 2012) (per curiam), we held that the district court plainly erred in imposing a life term of supervised release and special conditions thereof on a defendant convicted of possessing child pornography when it "did not explain why it chose a life term of supervised release" and did not "explain why the [special] conditions of supervised release [were] warranted." *Id*. at 1004–05. Because "[w]ithout proper analysis and an explanation for the length of the supervised release term chosen, we cannot review the reasonableness of the sentence as imposed" and "precedent clearly requires a district court to state in open court at the time of sentencing its rationale for mandating special conditions of supervised release," we remanded and "direct[ed] the district court to consider the lifetime term of supervised release and the . . . conditions of supervised release." *Id*. at 1004, 1006–07 (internal quotation marks omitted).

Although plain error involves a case-by-case inquiry and is subject to the discretion of this Court, *see Puckett*, 556 U.S. at 142–43, the district court's total failure to articulate any basis for the lengthy term of supervised release or the onerous special conditions (as well as the government's concession of the error and its plainness) militate in favor of remanding for the district court to reconsider its supervised release sentence. Accordingly, we vacate Defendant's sentence with

respect to supervised release. Because, however, we have found all other aspects of Defendant's sentence to be proper, our remand, like the one in *Inman*, is for the limited purpose of reassessing Defendant's supervised release term and conditions. *See Inman*, 666 F.3d at 1007. Therefore, while the other aspects of Defendant's sentence shall remain in place, the district court is free to fashion Defendant's supervised release term and conditions anew.

## CONCLUSION

For the foregoing reasons, we **VACATE** Defendant's supervised release sentence and **REMAND** for the district court to consider the lifetime term of supervised release and the conditions of that supervised release. The remainder of Defendant's sentence shall remain in place.