**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0158n.06

**No. 12-3249**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 13, 2013**
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PERCY WELLS,

     Defendant-Appellant.

                             /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

**BEFORE:**    **CLAY, COOK, and ROTH,[*] Circuit Judges.**

    **CLAY, Circuit Judge.** Defendant Percy Wells was indicted along with twenty-four others in a fifty-nine count indictment for crimes arising out of a conspiracy to distribute crack cocaine. After pleading guilty to conspiracy to possess with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846, the district court sentenced Defendant to 48 months' imprisonment for the pleaded-to offense plus an 18-month prison term, to run consecutively, for violating his supervised release. Defendant appeals his sentence on both procedural and substantive reasonableness grounds. For the reasons that follow, we **VACATE** the Defendant's supervised-release sentence and **REMAND** for resentencing.

---

[*]The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

## BACKGROUND

On March 2, 2011, a federal grand jury for the Northern District of Ohio indicted Defendant Percy Wells, charging him with one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine and/or fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846, and five counts of use of a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b). At the time of his indictment, Defendant was serving prison time on unrelated state drug crimes, and was on supervised release for a previous federal conviction. Defendant pleaded guilty to the conspiracy charge, and the district court sentenced him to 48 months' imprisonment for the conspiracy charge and 18 months' imprisonment for violating the terms of his supervised release, with the two sentences to run consecutively to one another.

## STANDARD OF REVIEW

We review sentences for "reasonableness under an abuse of discretion standard." *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009). As reasonableness involves both procedural and substantive components, this review proceeds in two steps. *Id*. First, we evaluate the procedural reasonableness to "ensure that the district court did not commit significant procedural error such as: 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Next, we assess the substantive reasonableness of a sentence. As "[t]he essence of a substantive-reasonableness claim is whether the length of the sentence is greater than necessary

to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)," a sentence will be found substantively unreasonable if "the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Corp*, 668 F.3d 379, 386 (6th Cir. 2012) (internal quotation marks omitted). In doing this two-step review, "[t]he district court's interpretation of the advisory Guidelines is reviewed *de novo*, and its findings of fact are reviewed for clear error." *Brown*, 579 F.3d at 677.

## DISCUSSION

Defendant raises two challenges to his sentence: (1) that the district court failed to award him a reduction in time, and (2) that the district court failed to justify running the sentences consecutively.

## 1. Credits

In 2003, Defendant was sentenced to an 82-month prison term for a federal drug-related crime. In late 2007, the Sentencing Commission amended the Guidelines by lowering the quantity of drugs it took to impose a given sentence. In February 2008, Defendant moved, under 18 U.S.C. § 3582(c)(2), to retroactively apply Guidelines Amendment 706 to his 82-month sentence. In March 2008, the district court in his 2004 case granted Defendant's motion and reduced his sentence to "63 months or time served if defendant's sentence exceeds the amount of time already served." At the time that the reduction order was entered, Defendant had served nearly 71 months in prison.

Defendant now argues that the district court in this case should have reduced his sentence by the eight "extra" months Defendant served beyond the post-reduction 63-month sentence ordered

in his 2004 case. Defendant's premise that he served "extra" time is incorrect as the order reducing his sentence in his 2004 case stated that Defendant's sentence was to be "63 months *or time served*." Because Defendant had already served 71 months, Defendant's sentence was reduced to time served. *See also* U.S.S.G. § 1B1.10, application n.3 ("In no case . . . shall the term of imprisonment be reduced below time served."). Therefore, we see no basis for Defendant's contention that he was entitled to an eight month shorter sentence.

## 2. Justification for Consecutive Sentences

Defendant next argues that his sentence was procedurally unreasonable because the district court failed to adequately justify the consecutive sentences. This Court in *United States v. Cochrane*, 702 F.3d 334 (6th Cir. 2012), recently addressed the district court's obligation to give reasons supporting its decision to run sentences consecutive to one another. We held that "a district court must indicate on the record its rationale [for imposing consecutive sentences], either expressly or by reference to a discussion of relevant considerations contained elsewhere." *Id*. at 346. Such a rule was necessary in order to allow for "meaningful appellate review." *Id*.; *see also Rita v. United States*, 551 U.S. 338, 356 (2007). In surveying our prior caselaw, we reaffirmed that "[t]he district court need not state its rationale explicitly" and noted that a district court will not be found to abuse its discretion where it "incorporate[s] by reference a discussion of the relevant considerations in another document" or "make[s] clear that its reasons for choosing a substantive sentence and for running two sentences consecutively are the same." *Cochrane*, 702 F.3d at 346 (citing *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011), *United States v. Berry*, 565 F.3d 332, 342–43 (6th

4

Cir. 2009)). What we specifically prohibited in *Cochrane* was a district court "say[ing] nothing at all." *Id.*

The district court in the instant case gave this court no indication of which factors in its discussion of the 18 U.S.C. § 3553(a) factors and presentence report related to running the two terms consecutively. (*See* R. 389, at PID# 1954–58.) The district court's discussion, while thorough, gives us "no way to review the reasonableness of [the consecutive nature of the] sentence[s]." *Cochrane*, 702 F.3d at 347. Therefore, under *Cochrane*, we find the district court's lack of explanation for the consecutive sentences to be an abuse of discretion.[1] Because, however, Defendant has raised no defects with respect to his conspiracy sentence, our remand will be limited to resentencing on the supervised-release violation. *See, e.g.*, *United States v. Inman*, 666 F.3d 1001, 1007 (6th Cir. 2012).

## CONCLUSION

For the foregoing reasons, we **VACATE** the Defendant's supervised-release sentence and **REMAND** for resentencing on that violation. Defendant's conspiracy sentence shall remain in place.

---

[1] Having concluded that the district court was procedurally unreasonable in failing to justify the consecutive aspect of his supervised-release sentence and vacated that portion of Defendant's sentence, we decline to reach Defendant's arguments with respect to claimed errors in the district court failing to reduce his sentence for good-time credits accrued during and for completing the Bureau of Prison's Residential Drug Abuse Program while he was serving out his 2004 sentence.