**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0565n.06

No. 12-2306

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 11, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| COREY CRIBBS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and SUHRHEINRICH, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM.  Corey Cribbs appeals his sentence.

In 2000, Cribbs pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).  The district court sentenced him to 144 months in prison, to be followed by three years of supervised release.  On two occasions in 2011, Cribbs admitted to violating the conditions of his supervised release.  His violations were consuming alcohol, possessing marijuana, not being truthful with his probation officer, and violating the rules of the Kalamazoo Probation Enhancement Program.  On both occasions, the district court continued Cribbs's term of supervised release.

In 2012, Cribbs again admitted to violating the conditions of his supervised release by violating his curfew, consuming alcohol, absconding from the facility where he was required to stay,

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

and running away from police officers. The district court determined that, based on Cribbs's Grade B violation and criminal history category of VI, his guidelines range of imprisonment was 21 to 27 months. The court revoked Cribbs's supervised release and sentenced him to 24 months in prison, to be followed by 12 months of supervised release. The court included as conditions of Cribbs's supervised release that he abstain from alcohol, consult with his probation officer on a weekly basis, and abide by a 10 p.m. curfew.

On appeal, Cribbs argues that the district court's imposition of a term of supervised release rendered his sentence substantively unreasonable because he had received the maximum benefit from being on supervised release during his previous term. Cribbs also argues that the district court abused its discretion by imposing the conditions pertaining to alcohol, weekly meetings with his probation officer, and a curfew because those conditions were not supported by the facts and involved a greater deprivation of liberty than was reasonably necessary.

Because the government has not asked for plain-error review, we review Cribbs's claims using an abuse-of-discretion standard, despite the fact that he did not object to the length or conditions of his supervised release when given the opportunity to do so by the district court at the conclusion of the revocation hearing. *See United States v. Taylor*, 696 F.3d 628, 634 (6th Cir. 2012); *United States v. Inman*, 666 F.3d 1001, 1003 (6th Cir. 2012); *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009). To be substantively reasonable, a sentence must be proportionate to the seriousness of the circumstances of the offense and offender and sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). A sentence may be substantively unreasonable if the district court selects

the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent sentencing factors, or gives an unreasonable amount of weight to any factor. *Id.* at 510.

When reviewing a challenged condition of supervised release, we must determine whether the condition is reasonably related to the goals of rehabilitating the defendant and protecting the public. *Inman*, 666 F.3d at 1004. "The condition must reasonably relate to the nature of the offense and the history and characteristics of the defendant and involve no greater deprivation of liberty than is reasonably necessary to serve the goals of deterrence, protecting the public, and rehabilitating the defendant." *Id.* (internal quotation marks and alterations omitted).

The 12-month term of supervised release imposed by the district court was substantively reasonable. Despite Cribbs's claim to the contrary, the district court could reasonably conclude that, given Cribbs's repeated violations of his supervised release, an additional term of supervised release would benefit him by providing him with structure while he attempted to identify positive role models and develop the ability to make appropriate decisions. Further, there is nothing in the record to suggest that the district court failed to give proper consideration to the relevant sentencing factors, and the 12-month term was not greater than necessary to comply with the purposes of sentencing.

In addition, the district court did not abuse its discretion by imposing the conditions requiring Cribbs to abstain from alcohol, consult with his probation officer on a weekly basis, and abide by a 10 p.m. curfew. Cribbs acknowledged during the revocation hearing that he had turned to alcohol following an incident with his son, and he stated that he did not know whether he would do so again when faced with an emotionally disappointing situation. Thus, the alcohol-abstinence condition was supported by the facts of the case and reasonably related to the goals of rehabilitation and protecting

the public. Likewise, the conditions requiring Cribbs to maintain weekly contact with his probation officer and abide by a curfew were reasonable, given his long criminal history, his repeated violations while on supervised release, and his request for help with finding positive role models and developing the ability to make good decisions.

Accordingly, we affirm Cribbs's sentence.