NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0328n.06

No. 13-4043

**FILED**
Apr 28, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff-Appellee,            )
                                   )
v.                                 )
                                   )          ON APPEAL FROM THE UNITED
                                   )          STATES DISTRICT COURT FOR THE
CHRISTOPHER ANDERSON,              )          SOUTHERN DISTRICT OF OHIO
                                   )
    Defendant-Appellant.          )
                                   )
                                   )

BEFORE: DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

PER CURIAM.    After revoking the supervised release of defendant Christopher Anderson, the district court sentenced him to an additional 18 months in prison, a term of incarceration that was to run consecutively to a recently imposed state prison sentence. Anderson now appeals, arguing: (1) that he should have been allowed to surrender himself into federal custody prior to the imposition of the state-court prison sentence; (2) that the district court erred in failing to articulate reasons for imposing consecutive sentencing; and (3) that the district court also erred in failing to explain its reasons for imposition of the 18-month sentence, even though that sentence constituted a period of incarceration at the lowest end of the applicable Guidelines range. Although we find no merit to Anderson's first allegation of error, the district court's failure to explain its rationale for ordering that the 18-month prison term run consecutively to the state term of imprisonment requires us to vacate the defendant's federal

1

sentence and remand this matter to the district court. In light of that remand, we pretermit any discussion at this time of the reasonableness of Anderson's 18-month prison sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Anderson pleaded guilty to a charge of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, the defendant's second federal conviction for a controlled-substance offense. After completing the incarceration portion of his sentence for the conspiracy, Anderson began serving a four-year term of supervised release. However, less than five months after the commencement of the supervision period, he was arrested again, this time by Ohio authorities for tampering with evidence and for possession with intent to distribute heroin. As a result of that arrest, as well as because Anderson failed to notify his probation officer of a change in residence, the United States Probation Office petitioned the district court for issuance of an order directing the defendant to show cause why his supervised release should not be revoked. Pending the resolution of that revocation proceeding, a magistrate judge released Anderson on his own recognizance.

Approximately a year later, Anderson pleaded guilty in the Hamilton County (Ohio) Court of Common Pleas to the state charges of tampering with evidence and possession of heroin. Prior to being sentenced for those state convictions, however, Anderson returned to federal court, agreed to consent to revocation of his own-recognizance bond, and sought to be taken into federal custody immediately in order to begin serving whatever federal sentence would be imposed later for the supervised-release violation. According to Anderson's logic, if he were in federal custody at the time of his state-court sentencing, he would be subject to concurrent sentencing. The federal district court denied Anderson's request, however.

Subsequently, the state court completed its sentencing obligations by ordering Anderson to serve three years in state prison for the tampering and heroin-possession convictions. Shortly thereafter, Anderson appeared again in federal court and admitted the alleged violations of his supervised release. Recognizing that the United States Sentencing Guidelines provided for an advisory sentencing range of 18 to 24 months in such a situation, the district court ruled succinctly:

> The term of supervised release which had been granted by this court is hereby revoked, and the defendant, Christopher Anderson, is hereby sentenced to the custody of the U.S. Bureau of Prisons for a period of 18 months, which sentence shall be served consecutive to the sentence imposed by the Hamilton County Court of Common Pleas.

## DISCUSSION

Anderson first argues that the district court erred in denying his motion to be taken into federal custody prior to being sentenced in state court for the state-law violations. Citing 18 U.S.C. § 3149, Anderson contends that he served as his own surety on the own-recognizance bond allowed by the federal magistrate judge. Thus, according to Anderson, once he sought to present himself to a United States marshal, the statute required that he "be held in official detention." Anderson's argument betrays a misunderstanding of the relevant statutory provision.

Pursuant to 18 U.S.C. § 3149:

> A person charged with an offense, who is released upon the execution of an appearance bond with a surety, may be arrested by the surety, and if so arrested, shall be delivered promptly to a United States marshal and brought before a judicial officer. The judicial officer shall determine in accordance with the provisions of section 3148(b) whether to revoke the release of the person, and may absolve the surety of responsibility to pay all or part of the bond in accordance with the provisions of Rule 46 of the Federal Rules of Criminal Procedure. The person so committed shall be held in official detention until released pursuant to this chapter or another provision of law.

Thus, according to its plain language, this statutory provision applies in situations involving "a person charged with an offense" who previously had been "released upon the execution of an appearance bond with a surety" and who then had been "arrested by the surety." But, Anderson was released in this matter on a "no amount," personal-recognizance bond, and no surety was involved in the transaction. Moreover, even if we were to stretch the natural meaning of the statute's language to encompass a situation in which a criminal defendant somehow could execute an appearance bond for himself, it is clear that such a defendant could not then "be arrested *by the surety*," that is, by himself or herself.

Furthermore, despite Anderson's argument to the contrary, the surrender of a defendant to the Marshal's Service by a surety does not result necessarily in a defendant's official detention. Instead, as the statute makes clear, "[t]he judicial officer shall determine . . . *whether* to revoke the release of the person." (Emphasis added.) Anderson had no right to be taken into custody. Anderson's first allegation of error thus is without merit.

Nevertheless, both Anderson and the government agree that Anderson's sentence must be vacated and this matter remanded for resentencing. As we detailed earlier, when ordering that Anderson's federal prison sentence run consecutively with his state sentence, the district court offered no explanation for that determination. However, we have held previously that "a district court must indicate on the record its rationale [for imposing consecutive sentences], either expressly or by reference to a discussion of relevant considerations contained elsewhere. Otherwise, meaningful appellate review becomes impossible." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012) (citing *United States v. Inman*, 666 F.3d 1001, 1004 (6th Cir. 2012)). Here, because "the district court abused its discretion in imposing a consecutive

sentence without adequate explanation," *id.* at 347, we must vacate Anderson's sentence and remand the matter to the district court for resentencing.

In light of this vacation and remand, we pretermit discussion of Anderson's claim that the 18-month sentence imposed upon the revocation of his supervised release also is procedurally unreasonable. If, at resentencing, the district court again fails to detail its reasons for selecting the sentence it does, Anderson is free to appeal that new determination to this court at the appropriate time.

## CONCLUSION

For the reasons stated, we AFFIRM the revocation of Anderson's supervised release. However, we VACATE the sentence imposed upon Anderson and REMAND this matter to the district court for resentencing.