*471 TARNOW, District Judge.
Appellant pleaded guilty to using a facility and means of interstate commerce to attempt to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and to receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1). Appellant brings the instant appeal arguing that he received ineffective assistance of counsel at the sentencing stage of this litigation. Because the record is not yet adequate for review of this claim, we decline to review Appellant’s ineffective assistance claim at this time.
Appellant also appeals the 240-month (twenty-year) sentence that was imposed. He argues that the sentence was procedurally and substantively unreasonable. Appellant argues that the district court committed a procedural error by erroneously adding a five-level enhancement pursuant to USSG § 2G2.2(b)(3)(B) for an offense involving “distribution for the expectation of a receipt of thing of value.... ” Appellant also argues that the sentence was substantively unreasonable because of the district court’s weighing of factors. Because the sentence was procedurally and substantively reasonable, we AFFIRM the sentence imposed by the district court.
BACKGROUND
Around December 2007, the Kentucky State Police (KSP) began receiving information from the United States Naval Criminal Investigative Service (NCIS) in Washington. KSP and NCIS conducted two independent undercover investigations online, both of which led to Appellant, Walter Hardin.
Hardin was arrested in October 2008 as a result of KSP’s investigation. The arrest led to the federal charges on which Appellant was convicted. After the arrest, a search warrant was executed at his business and home. Hardin worked as the Deputy Judge/Executive of Magoffin County, Kentucky. His work computer revealed that he used the file-sharing program LimeWire to download several hundred pictures of children engaged in sexual activity and fourteen videos of children engaged in sexual activity. The computer also contained over twenty series of chats in which Hardin solicited sexual contact with children.
On January 26, 2009, Hardin was brought before Senior United States District Judge Joseph M. Hood for arraignment. He waived formal proceedings and entered pleas of not guilty to all six counts. After moving to change his plea, Hardin was re-arraigned on March 25, 2009. In exchange for Hardin’s pleas as to Counts 1, 2, and 5, the United States dismissed the remaining counts. A Plea Agreement was entered into, approved by the court, and filed into the Record.
After the Plea Agreement was approved, the Presentence Investigation Report (“PSIR”) was submitted on July 16, 2009. It identified Hardin’s combined Adjusted Offense Level as 40. The PSIR included a recommendation of a five-level increase for distribution because “the offense involved distribution for the expectation of receipt of a thing of value.” See PSIR, at 7; see also PSIR, at 14. Hardin’s guideline sentencing range in the PSIR was calculated as 210-262 months-(17.5-21.8 years).
On August 20, 2009, Hardin filed a Motion for Leave to File Objections to the PSIR, a Sentencing Memorandum, and a Motion for Downward Departure. In the Motion for Leave, trial counsel stated that he “believed that the objections, motions for guidelines departure and sentencing memorandum” had been filed on July 17, 2009. R. 39, at 1. Attached to the Motion for Leave were two proposed objections to *472 the PSIR and the guideline calculations therein. A Sentencing Memorandum was filed the same day as the Motion for Leave to File Objections.
On August 21, 2009, the United States filed a Response to Hardin’s Sentencing Memorandum and his Motion for Downward Departure. The Response included hearsay statements from Hardin’s ex-girlfriend. She stated that Hardin took numerous nude pictures of her during their relationship, while she was sixteen years old. She stated that she broke off the relationship with Hardin when he asked her if she would mind if he had sex with their children. The United States contends that she was willing and able to testify at sentencing.
The sentencing hearing was held on August 24, 2009. At the hearing, Hardin’s counsel withdrew the Motion for Leave to File Objections and the Motion for Downward Departure. Counsel withdrew the Motion for Leave to File Objections despite the district court judge stating that “[he] was going to grant it anyway, but [counsel] want[s] to withdraw it.” R. 59, Sentencing Tr., at 3. The court adopted the guideline calculations contained in the PSIR. Hardin’s counsel did not object to the calculations. Hardin was sentenced to 240 months (twenty years) of imprisonment on both counts, with the sentences to run concurrently. He was also sentenced to a lifetime of supervised release.
I. Appellant’s Ineffective-Assistance Claim Is Not Ready for Review
Ineffective-assistance-of-counsel claims are generally raised in post-conviction proceedings under 28 U.S.C. § 2255. See United States v. Angel, 355 F.3d 462, 469 (6th Cir.), cert. denied, 543 U.S. 867, 125 S.Ct. 211, 160 L.Ed.2d 113 (2004); see also United States v. Pruitt, 156 F.3d 638, 646 (6th Cir.1998) (stating that such claims are best brought under § 2255). In most cases it is preferable to bring a claim of ineffective assistance under § 2255 to allow the district court to develop an adequate record on the issue. Pruitt, 156 F.3d at 646 (citing United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992)). Ineffective-assistance claims are not, however, solely reserved for collateral review. Massaro v. United States, 538 U.S. 500, 508, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (“We do not hold that ineffective-assistance claims must be reserved for collateral review.”). Where the existing record is adequate to assess properly the merits of an ineffective-assistance claim, it may be raised on direct appeal. Pruitt, 156 F.3d at 646 (citing United States v. Pierce, 62 F.3d 818, 833 (6th Cir.1995), cert. denied, 516 U.S. 1136, 116 S.Ct. 965, 133 L.Ed.2d 886 (1996)).
Appellant’s ineffective-assistance claim is not ready for review on direct appeal. Appellant argues that the record is adequate for review because it shows that trial counsel was tardy in filing objections to the PSIR; trial counsel did not file objections to the PSIR; trial counsel missed the discrepancies in the guideline calculations; trial counsel withdrew the Motion for Leave to File Objections and the Motion for Downward Departure; trial counsel did not object to the court’s reliance on Hardin’s ex-girlfriend’s hearsay statements to the police; and trial counsel did not argue for a lower guideline calculation at the sentencing hearing.
Appellant has not shown, however, that these facts are sufficient for review of his claim. As the Government argues, there is a possible strategic reason that trial counsel might have agreed to the guideline calculations in the PSIR. Avoiding an additional five-level enhancement pursuant to Guidelines Section 2G2.2(b)(5) — engaging in a “pattern of activity involving the sexu *473 al abuse or exploitation of a minor” — could have been the sole factor in trial counsel’s actions or inactions in question. Appellant knew the United States intended to introduce his ex-girlfriend’s statements since at least March 25, 2009, as reflected by the transcript of his rearraignment.
Because resolution of both of these arguments requires information not presently contained in the record, it cannot be said that there is an “adequate record to assess the merits of [Appellant’s] allegations.” United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990); cf. Angel, 355 F.3d at 469 (finding an adequate record where the facts underlying the claims were undisputed and were contained entirely within the record). “The appellate court [has] no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel’s alternatives were even worse.” Massaro, 538 U.S. at 505, 123 S.Ct. 1690 (internal citation omitted); see also Pruitt, 156 F.3d at 646 (finding an inadequate record where the claim requires an assessment of allegations and evidence outside of the record). To develop an adequate factual record, Appellant’s ineffective-assistance-of-counsel claim should be first raised in the district court.
II. The Sentence Imposed Was Reasonable
Hardin appeals his within guideline, 240-month (twenty-year), sentence arguing that it was procedurally and substantively unreasonable. We disagree, for the reasons stated below.
We review “all sentences — whether inside, just outside, or significantly outside the Guidelines range — under a deferential abuse-of-discretion standard.” United States v. Bolds, 511 F.3d 568, 578 (6th Cir.2007) (quoting Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). “This review has two components: procedural and substantive.” United States v. Wilkins, 420 Fed.Appx. 490, 492 (6th Cir.2011) (citing Bolds, 511 F.3d at 578).
A. Procedural Reasonableness
In reviewing an appeal for procedural reasonableness, the standard of review is dependent upon whether appellant preserved sentencing challenges. See United States v. Bailey, 488 F.3d 363, 367 (6th Cir.2007). “Where the district court asks at sentencing whether there are any objections to the sentence and the appellant raises none, [the sentence is reviewed] only for plain error.” Id. (citing United States v. Clark, 469 F.3d 568, 570 (6th Cir.2006)). Here, Hardin was asked by the district court whether there were any objections to the sentence. The answer was no. Therefore, the sentence will be reviewed only for plain error. See Bailey, 488 F.3d at 367.
[A] district court commit[s] ... procedural error [by] failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.
United States v. Vowell, 516 F.3d 503, 509-10 (6th Cir.2008) (quoting Gall, 552 U.S. at 51, 128 S.Ct. 586)).
This court can correct an error not raised at the trial court if there is 1) an error; 2) that is plain, 3) that affects substantial rights, and 4) the error seriously affects “the fairness, integrity, or public reputation of judicial proceedings.” Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *474 United States v. Brock, 501 F.3d 762, 773 (6th Cir.2007).
Appellant argues that the district court committed a procedural error by erroneously adding a five-level enhancement pursuant to Guidelines § 2G2.2(b)(3)(B) for an offense involving “distribution for the expectation of a receipt of thing of value.... ” The district court in this case, stated that:
There is a five-level increase because the offense involved distribution for the expectation of a receipt of a thing of value, i.e. other images of child pornography via the defendant’s Lime[W]ire file-sharing account.
R. 59, Sentencing Tr., at 4.
We agree with Appellant that the five-level enhancement does not automatically apply simply because Appellant used a file-sharing program. See United States v. Geiner, 498 F.3d 1104, 1111 (10th Cir.2007) (holding that the five-level enhancement does not automatically apply to every defendant who uses file-sharing programs). The enhancement does, however, apply in this situation. Whether a defendant distributes files in a manner that merits the five-level enhancement is to be decided on a case-by-case basis by the sentencing court. Id.
We hold that the district court’s sentence was not procedurally unreasonable by applying the five-point enhancement in this case. The district court, at the sentencing hearing, stated that the “expectation of a receipt of a thing of value” was other images of child pornography through LimeWire.
LimeWire was a free, peer-to-peer file sharing website.[1] LimeWire, http://www. limewire.com, (last visited August 6, 2011). Appellant downloaded and distributed files on LimeWire. Hardin had not disabled the default file-sharing feature on the site. Appellant’s computer contained over fourteen videos and several hundred photographs of minors engaged in sexual activities. Appellant’s sophisticated and extensive use of LimeWire was sufficient, in this case, to support the district court’s imposition of the five-level enhancement in question. The sentence imposed was not procedurally unreasonable.
B. Substantive Reasonableness
Appellant’s final argument is that the district court’s sentence was substantively unreasonable. The substantive reasonableness of a sentence is reviewed “under a deferential abuse-of-discretion standard.” Bolds, 511 F.3d at 578. There is a presumption of reasonableness for within-guidelines sentences. United States v. Vonner, 516 F.3d 382, 389 (6th Cir.2008) (en banc). The court will consider “the totality of the circumstances” when reviewing a sentence for substantive reasonableness. United States v. Vowell, 516 F.3d 503, 510-11 (6th Cir.2008). A sentence is substantively unreasonable if the district court “selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.” United States v. Lapsins, 570 F.3d 758, 772 (6th Cir.2009) (internal citation and quotation omitted). There is no requirement that the defendant object to the substantive reasonableness of a sentence in order to preserve the issue on appeal. United States v. Herrera-Zuniga, 571 F.3d 568, at 578 (6th Cir.2009) (internal citation omitted).
Here, the district court imposed a 240-month sentence. It was within the 210-262 month calculated range, but above the *475 210-month sentence that was recommended by the PSIR. The district court provided ample reasons why the 240-month (twenty-year) sentence was appropriately imposed by choosing a sentence that in its view was adequate, but not excessive in accordance with the § 3553(a) factors. The district court explained at the hearing that the sentence was based on 1) Appellant abusing his position of trust by using the work computer to commit the illegal acts; 2) bringing shame on the community; 3) the facts in the United States’ Sentencing Memorandum, which included the statements by his ex-girlfriend; 4) his interest in having sex with children; 5) his extensive illicit drug use; and 6) the need to protect the public. The district court also addressed his need for medical treatment. Appellant’s argument that the district court did not weigh the factors appropriately is defeated by the record. The sentence imposed was not substantively unreasonable.
CONCLUSION
For the reasons stated above, we decline to review Appellant’s ineffective assistance of counsel claim on direct appeal and AFFIRM the sentence imposed by the district court.

. The LimeWire website has since been shut down pursuant to a court order.