NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0886n.06

Case No. 14-1380

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 25, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON  APPEAL  FROM  THE |
| v. | ) | UNITED  STATES  DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CHARLES PAUL SMITH, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

BEFORE:  SILER, SUTTON and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Defendant Charles Paul Smith pled guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2)(A), and was sentenced to a prison term of 120 months.  Even though the sentence represents a 90-month downward variance from the low end of the applicable Guidelines range, defendant contends the Guidelines range calculated by the district court was inflated by an erroneous enhancement, rendering the sentence procedurally unreasonable.  Had the enhancement not been applied, the applicable Guidelines range would have been 151 to 188 months, instead of 210 to 240 months.  Reviewing the judgment for abuse of discretion, we find no error.

The presentence report prepared by the Probation Department recommended calculating Smith's total offense level to be 37 and his criminal history category to be I, yielding an advisory Guidelines range of 210 to 240 months.  This total offense level included a five-level increase

under U.S.S.G. § 2G2.2(b)(3)(B) because "the offense involved . . . [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." Smith objected to the enhancement. He acknowledged that his admitted offense conduct involved use of a file-sharing program that constituted "distribution," justifying a two-level increase under U.S.S.G. § 2G2.2(b)(3)(F). He argued, however, that his use of a file-sharing program, without more, is insufficient to show "receipt, or expectation of receipt, of a thing of value." The district court overruled the objection. The court agreed with Smith that his use of a peer-to-peer file-sharing program did not, in itself, justify automatic application of the enhancement. However, with reference to ¶¶ 32 and 34 of the presentence report—describing Smith's admitted long-term use of the file-sharing program to access child pornography for sexual arousal—the court found that Smith shared his files in the expectation of receiving something of value to him, i.e., other child pornography files.

We review Smith's procedural-unreasonableness challenge for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentencing court will be found to have abused its discretion and imposed a procedurally unreasonable sentence if it miscalculated the applicable Guidelines range, failed to consider the § 3553(a) factors, or based the sentence on clearly erroneous facts. *United States v. Adkins*, 729 F.3d 559, 563 (6th Cir. 2013). Sentencing facts are to be found by a preponderance of the evidence. *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012).

Smith contends the district court miscalculated the Guidelines range based on the erroneous finding that he distributed child pornography in expectation of receiving other child pornography. He argues the evidence of his expectation of receiving other child pornography is non-existent and that the enhancement was applied solely because he used a file-sharing

program. This kind of *per se* application of the enhancement, Smith argues, is contrary to Sixth Circuit law.

In support, he cites *United States v. Emmons*, 524 F. App'x 995 (6th Cir. 2013), where, however, the § 2G2.2(b)(3)(B) enhancement was upheld. We observed that "[t]he enhancement does not apply merely because a defendant used a file-sharing program, but extensive use of the program resulting in the possession of several hundred images will weigh in favor of the enhancement." *Id.* at 999 (citing *United States v. Hardin*, 437 F. App'x 469, 474 (6th Cir. 2011)). In *Hardin*, as Smith notes, we agreed with the Tenth Circuit that "the five-level enhancement does not automatically apply simply because Appellant used a file-sharing program." *Hardin*, 437 F. App'x at 474 (citing *United States v. Geiner*, 498 F.3d 1104, 1111 (10th Cir. 2007)). Yet, observing that the enhancement must be "decided on a case-by-case basis," we upheld the enhancement in *Hardin*, too, holding that the defendant's "sophisticated and extensive use" of the program was sufficient to sustain the "expectation" finding. *Id.*

Entirely consistent with these rulings is our more recent decision in *United States v. Mabee*, 765 F.3d 666 (6th Cir. 2014). In determining the appropriateness of the five-level enhancement, we held the court must "examine whether there is evidence, direct or circumstantial, that the defendant reasonably believed that he would receive something of value by making his child pornography files available for distribution through a peer-to-peer network." *Id.* at 674 (quoting *United States v. Binney*, 562 F. App'x 376, 379 (6th Cir. 2014) (internal alterations and quotation marks omitted)). In *Mabee*, too, we upheld the enhancement, finding no clear error in the sentencing court's reliance on a circumstantial record not unlike the facts here relied on by the district court. *See also United States v. Miezin*, --- F. App'x --- , 2014 WL 5288131 (6th Cir. Oct. 15, 2014) (same).

Smith's sentencing is in line with the above Sixth Circuit authorities. The district court did not improperly apply the enhancement automatically just because Smith used a file-sharing program. Rather, the court considered circumstantial evidence of Smith's extensive and long-term use of the file-sharing program. The determination that the factual premise for the enhancement was established by a preponderance of the evidence is not clearly erroneous. We find no abuse of discretion. Quite to the contrary, we note that the court ameliorated the harsh impact of the enhancement by granting a substantial downward variance, to which the government has not objected.

The judgment is **AFFIRMED**.