NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0905n.06

Case No. 13-5835

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| WALTER EDWARD HARDIN, | ) | **FILED** |
|  | ) | Dec 08, 2014 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| UNITED STATES OF AMERICA, | ) | THE EASTERN DISTRICT OF |
|  | ) | KENTUCKY |
| Respondent-Appellee. | ) |  |

BEFORE: COOK and WHITE, Circuit Judges; MICHELSON, District Judge.[*]

COOK, Circuit Judge.   Walter Edward Hardin appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.  Because Hardin waived his right to collaterally attack his sentence, we AFFIRM the district court's judgment.

I.

Hardin pleaded guilty in 2009 to receiving child pornography and to using a facility and means of interstate commerce to attempt to coerce and entice a minor to engage in sexual activity.  As part of his plea agreement, he waived "the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution" but

---

[*]The Honorable Laurie J. Michelson, United States District Judge for the Eastern District of Michigan, sitting by designation.

reserved "the right to appeal any sentence greater than 120 months [sic] imprisonment." (R. 21, Plea Agreement ¶ 11.)

The district court sentenced Hardin to 240 months' imprisonment, and Hardin appealed. We rejected Hardin's challenges to the procedural and substantive reasonableness of his sentence, and declined to reach his claim that his counsel provided ineffective assistance at sentencing. *See generally United States v. Hardin*, 437 F. App'x 469 (6th Cir. 2011). Hardin specifically alleged that his counsel was ineffective in (1) failing to timely object to the presentence report's guidelines calculations, (2) failing to argue for a lower guidelines range at the sentencing hearing, (3) withdrawing a motion for leave to file late objections and a motion for a downward departure, and (4) failing to object to the court's reliance on Hardin's ex-girlfriend's hearsay statements to detectives. *Id.* at 471–72. The government, however, raised the possibility that counsel withheld objections and withdrew the motions in exchange for the government agreeing not to seek additional sentencing enhancements. *Id.* at 472–73. Finding that we could not properly assess counsel's motives on the existing record, we declined to address Hardin's ineffective-assistance-of-counsel claim on direct appeal. *Id.*

Hardin timely raised an ineffective-assistance-of-counsel claim in the instant 28 U.S.C. § 2255 motion. The district court denied the motion, finding that Hardin knowingly and voluntarily waived his right to seek post-conviction relief under § 2255. We granted a certificate of appealability to consider whether Hardin waived his ineffective-assistance-of-counsel claim through his broad waiver of collateral-attack rights.

## II.

A defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (citations and

internal quotation marks omitted). We enforce such waivers according to their terms, so long as the defendant entered into the plea agreement knowingly and voluntarily. *See, e.g.*, *United States v. Toth*, 668 F.3d 374, 377–78 (6th Cir. 2012). Notably, in *Davila v. United States*, we held that a defendant who knowingly and voluntarily agreed not to contest his sentence in any post-conviction proceeding waived the right to argue in a § 2255 motion that his counsel provided ineffective assistance at sentencing. 258 F.3d 448, 451 (6th Cir. 2001).

Hardin contends that, notwithstanding our holding in *Davila*, he did not knowingly or voluntarily waive his right to collaterally attack his sentence on the ground that he received ineffective assistance of counsel at sentencing. He advances two arguments, neither persuasive.

Hardin first argues that he reserved the right to file a § 2255 motion because his plea agreement uses the general term "collateral attack" without mentioning § 2255 specifically. But he cannot, and does not, deny that his § 2255 motion collaterally attacks his sentence. Moreover, Hardin expressed no confusion about the meaning of "collateral attack" during his plea colloquy. Rather, when the district court judge asked if he had discussed his plea agreement with counsel and understood its terms, he answered "[y]es."[1] (R. 65, Rearraignment Tr. at 6.) He also answered "[y]es" when the judge asked if the prosecutor's description of the plea agreement,

---

[1]For the first time in his reply brief, Hardin hints that his plea waiver might be invalid because his attorney failed to ensure that he understood it. But Hardin forfeited any claim that his counsel provided constitutionally ineffective assistance during plea negotiations. *See United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (holding that claim raised for the first time in a reply brief is generally forfeited); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997) ("Unless exceptional circumstances are present, we will not address an issue not first raised in district court.").

including the waiter provisions, matched his understanding.[2]  (*Id.* at 12.)  In short, notwithstanding Hardin's assertions to the contrary, nothing in the record suggests that he did not understand the terms of his plea agreement when he agreed to it.  *See United States v. Sharp*, 442 F.3d 946, 951–52 (6th Cir. 2006) (enforcing an appellate waiver where the defendant testified on the record that he read the plea agreement, understood its terms, and discussed it with counsel); *cf. United States v. Gardner*, 417 F.3d 541, 544 (6th Cir. 2005) (finding that the district court satisfied its duty to verify that a defendant's plea was voluntary under Fed. R. Civ. P. 11 by posing questions answerable with a simple "yes" or "no").

Hardin also contends that in reserving his right to appeal any sentence exceeding 120 months, he "explicitly agreed to retain his right to collaterally attack any sentence greater than 120 months."  But the plain language of Hardin's plea agreement belies this claim.  *See United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011) (explaining that this circuit interprets plea agreements according to traditional contract law principles and construes ambiguities against the government); *see also Hamilton v. United States*, 566 F. App'x 440, 443 (6th Cir. 2014) ("[T]he most persuasive evidence of what a defendant reasonably appreciated as his bargain is found in the plain language of the court-approved agreement." (alteration in original) (quoting *United States v. Phibbs*, 999 F.2d 1053, 1081 (6th Cir. 1993))); *United States v. Beals*, 698 F.3d 248, 256 (6th Cir. 2012) ("We must give effect to the intent of the parties as expressed by the plain

---

[2]During the plea colloquy, the prosecutor described Hardin's waiver provision thus:

> In this case, the defendant has waived his right to appeal and collaterally attack his guilty plea, conviction[,] and sentence, including any order of restitution.  And if there are known victims identified, there may be some order of restitution.  The defendant does reserve his right to appeal any sentence that the court would impose that would be greater than one hundred twenty months.

(R. 65, Rearraignment Tr. at 10.)

language of the plea agreement."). The plea agreement reserves a limited "right to appeal any sentence greater than 120 months" and expressly waives *all* collateral-attack rights. And the waiver provision refers to "appeal" and "collateral attack" as separate concepts, precluding Hardin's argument for an implicit reading of "appeal" to include collateral attack. *See United States v. Linder*, 552 F.3d 391, 393 n.1 (4th Cir. 1999).

III.

For these reasons, we AFFIRM.

Case No. 13-5835
*Hardin v. United States*

**HELENE N. WHITE, Circuit Judge, dissenting.**

I respectfully dissent. Although we may parse the terms of Hardin's appellate waiver to preclude this collateral attack, a reasonable defendant in Hardin's position would not understand himself to be precluded from challenging counsel's effectiveness with respect to the sentencing.[1] To hold otherwise ignores the underlying assumption of the plea agreement—that Hardin would forgo all rights to challenge a sentence of 120 months or less, and that he would preserve his rights to challenge a greater sentence. Although Hardin did waive his right to collaterally attack his conviction and sentence, he did so in the context of preserving his right to appeal a sentence in excess of 120 months.

Hardin clearly reserved his right to appeal his 240-month sentence. When he exercised that right and challenged his sentence on several bases, including that counsel was ineffective in representing him at sentencing, we declined to entertain that aspect of his appeal and held that he was required to challenge counsel's performance in a § 2255 proceeding. Having attempted to challenge counsel's effectiveness at sentencing in his direct appeal, Hardin should not now be barred from pursuing the same claim in this collateral proceeding.

Further, it is unreasonable to conclude that Hardin understood that his right to challenge his 240-month sentence would depend on whether one reason for the sentence was that counsel performed ineffectively, or that he understood that if counsel did perform ineffectively resulting

---

[1]The Justice Department recently issued a memorandum instructing prosecutors to stop seeking waiver of ineffective assistance of counsel claims. "Federal Prosecutors should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal." Memorandum from U.S. Department of Justice, Office of the Deputy Attorney General on Department Policy on Waivers of Claims of Ineffective Assistance of Counsel 1 (Oct. 14, 2014) available at http://www.justice.gov/sites/default/files/press-releases/attachments/2014/ 10/15/dept-policy-on-waivers-of- ineffective-assistance-ofcounsel.pdf.

in a sentence greater than 120 months, his ability to challenge the sentence would depend on whether the facts underlying counsel's deficient performance were apparent on the record as it would stand on direct appeal or whether it would require further factual development. Yet, that is the consequence of the majority's application of the waiver to this proceeding.

*Davila v. United States*, 258 F.3d 448 (6th Cir. 2001), is distinguishable. In that case, Davila waived both his right to bring a motion under § 2255 and his right to appeal his conviction and sentence unless the sentence exceeded the statutory maximum penalty or the "guideline range deemed most applicable by the sentencing court." *Id*. at 452. There was no reservation of the right to appeal a sentence in excess of an agreed-upon term. Had Hardin been sentenced to 120 months or less, *Davila* would apply and Hardin would be precluded from bringing this collateral challenge.

I express no opinion on the merits of Hardin's ineffective assistance at sentencing claim. Indeed, it may be completely without merit, but Hardin did not waive his right to challenge his 240-month sentence on this basis. I would hold that the plea waiver does not preclude a § 2255 challenge to counsel's effectiveness at sentencing to the extent that the alleged ineffective assistance resulted in a sentence in excess of 120 months and remand for further proceedings addressing the merits of Hardin's challenge.