NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0599n.06

Case No. 17-4100

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>OMAR ISRAEL-GRIFFIN,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**
Nov 29, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

_____

**Before: KEITH, CLAY, and NALBANDIAN, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Omar Israel-Griffin ("Israel-Griffin") pled guilty to one count of distributing heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The district court sentenced him to 235 months of imprisonment. On direct appeal, Israel-Griffin claims his defense counsel was ineffective for failing to request any downward variance or departure from a guidelines-calculated sentence. Specifically, he argues that his defense counsel failed to present any mitigating factors in support of a variance, and failed to request a departure based on an over-representation of his Criminal History Category designation. For the reasons that follow, we decline to hear Israel-Griffin's ineffective assistance of counsel claims, and **DISMISS** them without prejudice.

**I.**

On May 4, 2016, the grand jury indicted Israel-Griffin on two counts of unlawful distribution of substances containing heroin and fentanyl. An individual named Ethan Blair ("Blair") purchased drugs from Israel-Griffin on November 19, 2015. That same day, Blair was found dead in his home. An autopsy revealed that Blair's death was caused by heroin fentanyl intoxication. The parties agree that Israel-Griffin's distribution caused Blair's death.

On April 18, 2017, the Government filed a one-count superseding information, charging Israel-Griffin for the November 19, 2015 distribution. Israel-Griffin subsequently pled guilty to the information via a Rule 11 plea agreement. The district court accepted Israel-Griffin's guilty plea.

After the plea hearing, the United States Probation Office prepared a presentence investigation report ("PSR"). The Probation Office calculated a total offense level of 35, a Criminal History Category of IV, and a guidelines range of 235 to 293 months imprisonment. After taking into account the 20-year statutorily maximum sentence, the guidelines range was adjusted to 235 to 240 months. Probation recommended Israel-Griffin be sentenced to 235 months imprisonment.

The PSR details Israel-Griffin's personal history. He was raised by a single mother who struggled financially. His father regularly used marijuana cigarettes laced with crack cocaine, including during the time he was conceived. Eventually, his father abused solely crack cocaine and died of an overdose when Israel-Griffin was 13 years old. His mother indicates that after his father's death, Israel-Griffin buried his emotions, which led to him abusing drugs. Israel-Griffin first tried marijuana at age 10 with older boys in the neighborhood. By age 13, he was smoking marijuana daily, eventually experimenting with prescription opiates, molly, and ecstasy. Israel-

Griffin first tried heroin at age 24, and admits to currently being addicted to it. Lacking a positive male role model, he was influenced by local drug dealers, and began selling drugs to support his addictions. He also reports being exposed to a significant amount of violence in his neighborhood, including witnessing people being shot and killed. The PSR indicates that Israel-Griffin has three children and believes he is a "great father." R. 4-1, PSR, ¶ 102, 103, 105. He believes that he is not a bad person, has a strong support system, and hopes that he and his family can relocate to Florida after his release to get a "clean slate." *Id.* at ¶ 104-06.

The PSR also details Israel-Griffin's criminal history, including 13 adult criminal convictions. Seven of these convictions were for misdemeanor marijuana possession, and one was for felony possession of heroin.

At the sentencing hearing, the district court recited the guidelines calculations of the PSR. The district court invited objections to the calculations and the facts stated in the PSR, to which there were none. The district court then adopted the PSR's findings of fact, and then invited arguments from counsel.

Defense counsel conveyed that Israel-Griffin felt a "tremendous amount of remorse" and does not minimize the tragic consequences of this case. He then invited Israel-Griffin's mother to speak, who said she was heartbroken, and that her son did not intentionally try to harm anyone. She also explained that she and Israel-Griffin have experienced loss due to drugs, notably through the death of his father. Israel-Griffin also addressed the district court. He apologized to Blair's family, and said he never intended for anyone to get hurt, but that he was an addict supporting his own habits. He acknowledged that his own selfishness and stupidity caused Blair's death. After Israel-Griffin concluded, the district court asked defense counsel if there was anything else he wanted to add, to which defense counsel responded "no."

After hearing from the Government, which recommended a 235-month sentence, and Blair's mother, the district court briefly outlined the investigation that led to Israel-Griffin's arrest and eventual guilty plea.  Taking into consideration all that had been presented, the district court found that nothing before it would warrant either a departure or variance from the calculated guidelines sentence.  The district court sentenced Israel-Griffin to 235 months in prison.

Israel-Griffin filed this appeal.

## II.

Israel-Griffin argues that he was denied the effective assistance of counsel at his sentencing hearing.  First, he argues that facts contained in the PSR, and offered in prior court hearings, set forth numerous areas of mitigation.  He notes that 18 U.S.C. § 3553(a) requires a court to consider the history and characteristics of the defendant in fashioning his sentence.  Israel Griffin's history of drug addiction, the drug-related death of his father, and his current employment and familial status, he argues, are all relevant 3553(a) factors that should have been presented to the district court in support of a variance below the guidelines range.

Second, he argues that defense counsel could have requested a downward departure under United States Sentencing Guidelines § 4A1.3(b)(1), based on the over-representation of his Criminal History Category IV designation.  Israel-Griffin notes that he has no prior convictions for drug trafficking, and has never been sentenced to prison.  As such, he says he had a viable argument that his Category IV designation overstates the seriousness of his record, and defense counsel failed to make this argument.

Defense counsel's failure to request a variance or departure, argues Israel-Griffin, prejudiced him, and constitutes deficient performance since there was no strategic reason for doing

so.  The Government argues that the record is not sufficiently developed to permit this court to review Israel-Griffin's claims on direct appeal.

"[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial."  *Massaro v. United States*, 538 U.S. 500, 505 (2003) (citing *Strickland* v. *Washington*, 466 U.S. 668 (1984)).  "Generally, this court will not review an ineffective assistance of counsel claim that is raised for the first time on appeal."  *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998) (internal citation and quotation omitted).  Such claims are more properly available in a collateral proceeding under 28 U.S.C. § 2255, after the parties have had an opportunity to adequately develop a record that allows the reviewing court to make an informed decision.  *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999).  As an exception, this court will review an ineffective assistance claim "where the record is adequately developed to allow the court to properly assess the merits of the issue."  *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (internal citation and quotation omitted).

When an ineffective assistance claim is brought on direct appeal, "[t]he appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive . . . . "  *Massaro*, 538 U.S. at 505.  Here, as the Government noted, there is no record of why defense counsel chose not to request a variance or departure.  Thus, while Israel-Griffin argues that the record adequately demonstrates the grounds for variance and departure, he has not established that the record reflects what, if any, strategic considerations defense counsel made in deciding not to request a variance or departure.

The resolution of Israel-Griffin's claims requires information not currently contained in the record, and to develop this record, his claims should first be raised in the district court.  *United States v. Hardin*, 437 Fed. Appx. 469, 473 (6th Cir. 2011).  "When the record is insufficient to

show whether the alleged wrongful acts could be considered sound trial strategy, we will not review the defendant's ineffective assistance of counsel claims for the first time on direct appeal." *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998) (internal citation and quotation omitted). *See also United States v. Crowe*, 614 Fed. Appx. 303, 311 (6th Cir. 2015) (declining to resolve an ineffective assistance claim on direct appeal and finding that the record was "not sufficiently developed to enable us to determine whether trial counsel's failure to cross-examine certain witnesses was an instance of deficient performance or the exercise of legitimate trial strategy"); *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006) (holding that an ineffective assistance claim was not ripe for review on direct appeal, as the record contained no evidence as to why trial counsel did not to file additional motions or challenge expert testimony). Accordingly, we decline to address the merits of Israel-Griffin's ineffective assistance of counsel claims.

### III.

"The proper action in situations such as this is to dismiss the [ineffective assistance of counsel] claims from a defendant's direct appeal without prejudice." *United States v. Makki*, 129 Fed. Appx. 185, 190 (6th Cir. 2005). Accordingly, Israel-Griffin's claims are **DISMISSED** without prejudice, so that if he chooses, he may raise them again on collateral review.